STATE EX REL. KEALING v. CLAY CIRCUIT COURT ET AL.
[No. 26,488. Filed October 29, 1934.]

*Craig & Craig* and *Holmes & Holmes*, for relator.

*John W. Baumunk*, for respondents.

HUGHES, C. J.—This is an original action in this Court for a writ of mandate requiring the respondents

to remand to the Sullivan circuit court a certain cause of action wherein Margaret B. Kealing is plaintiff and the city of Brazil is defendant.

The relatrix filed a complaint against the city of Brazil in the Clay circuit court on February 28, 1933, and afterwards filed an affidavit and motion for a change of venue from the county which was granted and the cause sent to Sullivan county. On June 18, 1934, the defendant, city of Brazil filed its affidavit and motion for a change of venue from Sullivan county which motion was sustained. The parties did not agree upon a county to which the venue of said action should be changed and the Sullivan circuit court submitted a written list of all the counties surrounding and adjoining Sullivan county, to wit: Knox county, Greene county, Vigo county, and Clay county. The relatrix herein objected to the court indicating Clay county as one of the counties from which plaintiff must strike. The objection was entered of record. The objection was overruled and an exception given the relatrix. The parties were ordered to strike from the submitted list. The city of Brazil, being the moving party, then struck off Greene county; then the relatrix struck off Vigo county; then the city of Brazil struck off Knox county and thereby leaving on the list unstricken Clay county. The relatrix then objected to the venue being sent to Clay county; the objection was overruled and the cause sent to Clay county where it was received and is now on the docket of the Clay circuit court.

That on October 1, 1934, the relatrix appeared specially in the Clay circuit court and filed her motion to remand said cause to the Sullivan circuit court for the reason that the Clay circuit court was deprived of all its jurisdiction in plaintiff's said cause by her affidavit and motion for change of venue from Clay county, and which motion was sustained on ......day of

September, 1933, and alleging and contending that the Clay circuit court could not re-acquire jurisdiction of the subject matter and parties in said cause.

That on the 11th day of October, 1934, the Clay circuit court and the Hon John W. Baumunk as judge of said court, overruled relatrix's motion to remand her cause to the Sullivan circuit court.

On the filing of this action an alternative writ of mandate was issued by this court commanding the respondent to remand the cause of action heretofore set out to the Sullivan circuit court or show cause why it should not be done.

The respondents file their return or answer to the writ which admits as true all the material allegations contained in the petition of relatrix for a writ of mandate except that part which alleges that relatrix would be damaged and prejudiced in her cause of action in the refusal of respondents to remand her cause of action to the Sullivan circuit court. They further answer by saying that relatrix refused and failed to strike Clay county from the written list submitted.

The question presented has arisen in several jurisdictions in this state and to set the question at rest we consider it proper to give a written opinion in the case.

Section 2-1408, Burns 1933, §192, Baldwin's 1934, is the one involved in the instant case and is as follows:

*Change from county having three or more adjoining counties—Selection of county by parties.*— Hereafter, whenever a change of venue is taken from the county in any civil action pending in any circuit, superior or probate court of this state from any county having three (3) or more adjoining counties, if the parties to such action shall agree in open court, within three (3) days from the filing of the affidavit or motion for change of venue, upon the county to which the venue of such action shall be changed, it shall be the duty of the court to send, transfer and venue such action to such

county. In the absence of such agreement, it shall be the duty of the court, within two (2) days thereafter, to submit to the parties a written list of all the counties adjoining the county from which the venue is changed, and the parties, within two (2) days thereafter, shall each alternately strike off the names of all such counties except one (1), the moving party for the change of venue striking off the first, and the action shall be sent to the county not stricken off under such procedure. If either of the parties refuse or fail to strike off such names within the time limited, then the clerk of the court shall strike off such names for such party."

There is no question raised in this case as to the validity of the affidavit and motion for a change of venue from the county, nor that it was not filed in time or that it did not. comply with the rules of the court. The only question presented is whether or not after one of the parties to the action has taken a change of venue from one of the counties submitted and when the other party takes a change of venue from the county to which it is sent, is the court then permitted, under the law, to submit the county, as one to be stricken, from which the venue was first taken?

. It has been repeatedly held in this state that in a civil case, when a motion for a change from the county is filed for a statutory cause, if it is supported, by an affidavit in compliance with the statute and is timely filed, it is the imperative duty of the court to grant the change and that the language of the statute, "shall change the venue, in any civil action," is an arbitrary mandate or duty imposed by law on the court in term or the judge thereof in vacation to grant the change. *State ex rel. Wheeler* v. *Leathers* (1925), 197 Ind. 97, 149 N. E. 900. And if on a proper affidavit and motion for a change of venue from the county, the court refuses to grant the change, it is cause for a new trial. *Knarr* v. *Canaway* (1876), 53 Ind. 120; *Walker* v.

*Heller* (1880), 73 Ind. 46; *Mannix* v. *State ex rel. Mitchel* (1888), 115 Ind. 245, 17 N. E. 565; *Scanlin* v. *Stewart* (1894), 138 Ind. 574, 38 N. E. 401.

When the change of venue was taken and fully perfected from the Clay circuit court the jurisdiction of that court in the case was lost unless by the agreement of the parties it was remanded to that court. If, after the relatrix had filed her affidavit and motion for a change of venue from Clay county and the motion sustained and the cause sent to another county, the cause can be sent back to Clay county on another change of venue over the objections of the relatrix, then her motion for a change of venue was futile and useless and would amount to a denial of a change of venue as provided by statute. It is the purpose of the statute, Sec. 2-1401, Burns, 1933, §190, Baldwin's 1934, upon a proper affidavit and motion to grant a change of venue. It is mandatory, and this section, with Sec. 2-1408, *supra,* should be reconciled, if possible, and we see no difficulty.

When a change of venue is taken in a cause of action from any county having three or more counties and the cause is sent to another adjoining county and then the other party takes a change of venue from the latter county, it then becomes the duty of the court in the absence of an agreement, to submit to the parties a written list of all the counties adjoining the county from which the venue is changed so that they may strike off *except* the *county from which* the *venue was first taken.* We think this is the only logical interpretation that can be given the statute.

In the instant case the objection of the relatrix should have been sustained and the cause remanded to the Sullivan circuit court. The alternative writ of mandate heretofore issued is made absolute.