STATE EX REL WHITE WATER ASSOCIATION OF PRIMITIVE BAPTISTS *v.* HOELSCHER, JUDGE

[No. 26,555. Filed May 25, 1935.]

. *Noble H. Wible,* for relator.

*Alonzo R. Feemster,* and *Allison M. Feemster,* for respondent.

FANSLER, C. J.—This is a petition for a writ mandating the respondent to grant relator a change of venue from the county upon the issue raised by the final report of an executor and exceptions thereto. An alternative writ issued.

It appears from the petition that Elizabeth J. Wallace died testate, the residuary clause in her will being as follows: "I give and bequeath and devise, all the rest and residue and remainder of my estate to Robert A. Hicks, my executor here and after named as such and direct that he sell and convert into money all of said property and after the payment of my debts, funeral expenses and expenses of last sickness and cost of administration, that he pay the remainder of said fund to the White Water Association of Primitive Baptists." Upon the filing of a final report by the executor, the White Water Association of Primitive Baptists filed objections and exceptions thereto, and, pending any further action, filed an affidavit and motion for change of venue from the county; the affidavit being made by Earl Daily, who described himself as the duly elected and acting clerk of the White Water Association of Primitive Baptists. The affidavit is sufficient in form. It appears that thereafter the

executor filed a motion to strike out and reject the exceptions to the final report, and a separate motion to strike out the affidavit for change of venue from the county, both of which motions were sustained. We do not take seriously the contention that the trial court had a right to strike out the objections to the report after the motion for the change of venue was filed, and then refuse to grant the change because there was no issue pending. The cause was at issue, and a determination of the sufficiency of the objections pending involved an exercise of judicial discretion. If the affidavit for a change from the county complied with the statute, the court was divested of jurisdiction to take any further action except to grant the change. The respondent relies principally upon the proposition that the White Water Association of Primitive Baptists is not capable of suing or being sued, and therefore is not a party to the proceeding and is not entitled to a change. Reliance seems to be placed upon sections 25-1501—25-1511, Burns, 1933, §§10582-10590, Baldwin's 1934. It appears from the return that, after the motions to strike out the pleadings were filed, relator's attorney was notified by the court that they would be set down for hearing; that he acknowledged receipt of notice of the hearing, and refused to be present. This attitude of counsel cannot be commended. Courts are entitled to know the position of counsel upon controverted matters, and to have their assistance in the determination of legal questions. The court proceeded to hear evidence and determine the questions presented, in the absence of relator's counsel. The only question which the court had jurisdiction to determine, in respect to the affidavit and motion for change of venue from the county, was whether it complied with the statute, and was made by a party to the record, or a party in interest who had a right to change. What evidence was heard to affect the court's determi-

nation is not disclosed. It does appear from the response, however, from fragmentary quotations from special findings of fact, that in a former action by one Orville Hines, who claimed the residue of the decedent's estate as an heir, the same court found that the White Water Association of Primitive Baptists was qualified to take under the will. The final report treats this association as the residuary legatee. We are unable to reconcile this with the court's conclusion that the association is not a legal entity, with an interest in the estate sufficient to entitle it to be heard in exceptions to the final report. The association is named in the will, and if the final report is interpreted as disclaiming the association's right to take under the will, it certainly has sufficient capacity to be heard upon the question of its right to take. If the association has sufficient capacity to take under the will, it surely has sufficient capacity to question the correctness of the report of the executor determining how much it shall take.

Technical objection is made to the filing of the exceptions to the final report and the motion for change of venue in the clerk's office, rather than presenting them to the judge in person. But the records of the court seem to show the filing, and the judge seems to have been cognizant, of them.

The honest and lawful administration of estates, and distribution thereof, is a matter of high public interest, which is committed to the care and discretion of probate courts. Executors and administrators are officers of the court, acting for and responsible to the court. The exceptions to the report of the executor contain grave charges of misconduct on the part of the executor and his attorneys, supported by affidavit. The report of the executor concedes and represents the White Water Association of Primitive

Baptists to be entitled to distribution as the residuary legatee of the decedent. In the face of this report, the executor should not be permitted to question the association's interest in the proceeding, or its right to inform the court of his misconduct, or question the correctness of his management of the affairs of the estate. The rules of procedure should be liberally interpreted in order to permit courts to be fully advised of the conduct of their officers and the lawfulness of their actions, and to permit parties to have a hearing in a tribunal and community which they consider unbiased.

The alternative writ heretofore granted is made absolute.