VOGEL *v.* CHAPPELL, TRUSTEE ET AL.

[No. 26,728. Filed March 15, 1937.]

*Walter Myers, John W. Spencer* and *W. C. Clippinger,* for appellant.

*Robert D. Markel, De Witt Chappell* and *Wilbur S. Furlow,* for appellees.

FANSLER, J.—The appellee Chappell, Trustee, brought an action against appellant and the appellee Pioneer Contract Company, Inc., to recover a money judgment for a sum due as rental for certain machinery. Appellee Pioneer Contract Company, Inc., filed a cross-complaint, seeking the appointment of a receiver for certain property and moneys, which is alleged to be the property of the cross-complainant and appellant, acquired in a partnership or joint venture involving a contract to construct certain work for the United States government in the Ohio river. The original complaint also alleges that the defendants were engaged in a joint enterprise, and that they had jointly rented the property upon which the rental was due. After the actions were begun, the cross-complainant filed a petition asking for the appointment of a receiver for the joint property of appellant and appellee Pioneer Contract Company, Inc., *pendente lite,* after which the plaintiff also filed a petition for the appointment of a receiver *pendente lite,* without notice. Pending a determination of the question of whether a receiver would be appointed without notice, a supplemental petition was filed. The action continued, and notice was given appellant of the petitions to appoint a receiver. The cross-complaint was

verified, affidavits were filed, and oral evidence was introduced by all of the parties. At the time of the hearing, appellant was in court by counsel, introduced evidence, cross-examined witnesses, and asked for no continuance of the hearing.

There is evidence that appellant and appellee Pioneer Contract Company, Inc., are indebted to Chappell, Trustee; that they are the owners of certain machinery and money acquired in a joint venture or partnership agreement by which they agreed to undertake certain public work and to share the profits and losses thereof; that in said venture they acquired certain machinery and equipment, and that there were certain profits; that appellant is refusing to account, and has possession of certain money and machinery; that he is commingling the joint funds with his own and using them in his business, which is of a hazardous nature, in which the funds may be lost; that the machinery in his hands is not being properly cared for, and that he has refused to make arrangements for its rental or protection; that the obligation to Chappell, Trustee, if any, is a joint obligation, and that the Pioneer Contract Company, Inc., is entitled to have any judgment which is procured by the original plaintiff paid out of joint funds or joint property. A receiver was appointed *pendente lite,* and from this interlocutory order the appeal is perfected.

At the time the receiver was appointed there was a motion for a change of venue from the county pending. Appellant says that: "Although it has been held by the Supreme Court that an ancillary application for a receiver is not such a civil cause of action from which a change of venue can be taken this rule of law leads to many injustices and entanglements and the courts in recent opinions have been receding from this position." The purpose of interlocutory orders appointing receivers and issuing restraining orders is to

preserve the status, or to protect property pending a disposition of the main action upon its merits. The statute does not provide for a change of venue upon the hearing of such matters. Delay pending the completion of a change of venue might in many instances deprive parties of the protection afforded by such interlocutory remedies. The rule that the filing of an affidavit for a change of venue from the county does not deprive the court of jurisdiction to make such interlocutory orders is well settled, and no indication of a recession from this rule is pointed out. See *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453.

It is contended that the trial court had no jurisdiction to appoint the receiver because of the insufficiency of the notice of the hearing. Before the hearing, appellant had appeared to the main action and filed an affidavit for a change of venue from the county. Both appellant and his attorneys had been notified of the hearing. The complaint is that the notice was not received in sufficient time to permit appellant to properly present his defense to the petition. The order fixing the time for hearing was read to appellant personally, six days before the date of the hearing, on Sunday, and it is contended that this notice was invalid because served on Sunday. No authority to sustain this view is pointed out. The notice must be treated as sufficient, since appellant was present at the hearing by counsel, introduced evidence, and cross-examined witnesses. No request was made for a continuance of the hearing, and there was no suggestion that appellant had not had sufficient time in which to present his evidence or objections to the appointment. The appointment of receivers *pendente lite* in actions between partners, or persons jointly interested in any property or fund, is provided for by statute, and the refusal of a partner, or one of the parties jointly interested, to account for

partnership funds or property, and a showing that the other partners, or persons jointly interested, will be injured thereby is a sufficient basis for the appointment of a receiver. *Maple* v. *McReynolds et al.* (1935), 208 Ind. 338, 196 N. E. 3.

There was some evidence of a state of facts justifying the appointment. On appeal, this court will not weigh conflicting evidence.

No error appears.

Judgment affirmed.