STATE EX REL. ELSTON *v.* DECKER, JUDGE.

[No. 27,208. Filed April 10, 1939.]

*Townsend & Thomas,* and *Sturgis, Stine & Sturgis,* for appellant.

*Eichhorn, Gordon & Edris,* for appellee.

TREMAIN, C. J.—This is an original action filed in this court seeking a writ of mandate to require the respondent as the regular judge of the Wells Circuit Court to nominate three competent and disinterested persons to be submitted to the parties in the case of *Hipskind* v. *Elston,* pending in that court, from whom each party may strike a name, the remaining one to be appointed special judge.

The undisputed facts which form the basis of this action are as follows: Pursuant to chapter 85, Acts 1937, page 443 (section 2-1430, Burns' Ind. St. 1933, Pocket Supp., section 2223-1 Baldwin's 1937 Supp.), the plaintiff, Hipskind, filed an affidavit for a change of venue from the regular judge, respondent herein, based upon the ground of bias and prejudice. In his applica-

tion for a change of venue he objected to the respondent himself selecting a judge to try the case or submitting a list of names from which a judge may be selected, and asked that the clerk of the Wells Circuit Court forthwith certify the facts to the clerk of this court, and that the clerk of this court forthwith transmit to the clerk of the Wells Circuit Court the names of three competent, disinterested persons, either available judges of the circuit courts adjoining Wells County or members of the bar of that county. The motion for a change of venue was granted and the matter was certified to the clerk of this court, whereupon three names were certified to the clerk of the Wells Circuit Court. Each party struck one name from that list. The name of Judge Wheat remained. He qualified as a special judge. Thereafter, the relator herein, defendant in that case, filed a motion and affidavit for a change of venue from the special judge upon the grounds of bias and prejudice, but did not ask that it be certified to the clerk of this court for the submission of names from whom a second special judge might be selected. He asked the regular judge, respondent herein, to designate three competent, disinterested judges or lawyers of the state to be named from whom the special judge could be selected. At the time this request was made the plaintiff, Hipskind, filed in the Wells Circuit Court a verified objection to the selection by the regular judge of the names of judges or lawyers from whom a second special judge could be selected. The ground of objection was that he had previously taken a change of venue from the regular judge on account of his bias and prejudice and requested this court through its clerk to submit the names for a special judge. Upon the filing of the petition, the regular judge, respondent, refused to submit names from which a special judge could be selected. Thereupon the relator filed this action in which he prayed

that a mandate be issued directing the respondent to nominate three competent, disinterested persons from whom a special judge could be selected.

An alternative writ was issued in which the respondent was directed to show cause why he should not submit the names from whom a special judge could be selected. In his return the respondent recited the facts as herein given and stated that in his judgment he was without right or authority to name a special judge or nominate persons from whom one could be selected; that, to carry out the purpose and intent of Chapter 85, Acts 1937, *supra,* the matter should be certified to this court, to name three competent persons from whom the parties could select another special judge.

It is the relator's position that when the Legislature enacted chapter 85, *supra,* it was bound to know that under the then existing law, where a change of venue was taken from a special judge, the jurisdiction was in the regular judge to name three judges or attorneys pursuant to section 2-1409 Burns' Ind. St. 1933, section 207 Baldwin's Ind. St. 1934. Upon this point there is no dispute. The 1937 act gave the party asking for the change the right to include in his affidavit "that he objects to the judge from whom the change of venue is being taken, himself selecting . . . or submitting a list of names," and provides that thereupon the Supreme Court, through its clerk, should select "three competent, disinterested persons," from whom each party may strike one name. The statute then provides that "upon failure of said judge so named to qualify for any reason, within said ten days" then the same process of appointment shall be followed, except that the persons previously named shall not be named again by the Supreme Court. The act further provides that:

"Nothing contained in this section shall operate to change the present procedure in the selection of

judges upon change of venue taken from the judge, *excepting where an objection is incorporated in the affidavit for change of venue from the judge as above provided."*

The relator asserts that, since the statute does not expressly make a provision for this court through its clerk to select names where a change of venue has been taken from the special judge, it is without power to select, but the duty to select remains in the regular judge under the statute in force at the time of the enactment of the 1937 act. The act is not as clear and distinct as it might be. But from a reading of the entire act its purpose seems clear. The title of the act is as follows:

"An act concerning proceedings in criminal or civil cases and *to secure the impartial selection of judges* in criminal or civil cases, and declaring an emergency."

The act then proceeds to state that a change from the judge may be allowed as now provided by law, but the applicant for the change may object to the selection of names by the regular judge and ask that the matter be certified to this court, and upon failure of the judge selected to qualify, the fact may again be reported to this court for the submission of names "from whom a judge shall be selected in like manner, which procedure shall be followed *until a competent and disinterested person is obtained to insure a fair, impartial and speedy trial."*

This court has before it the affidavit of the plaintiff for a change from the regular judge and his verified petition, in which he renewed the objection previously made to the selection of names by the regular judge. The respondent has refused to select the names as requested by the relator, and asks that the matter be certified pursuant to the 1937 statute. Do these facts dis-

qualify the respondent from acting in the selection and appointment of a special judge upon the motion and affidavit for a change of venue from the special judge?

*State ex rel. Kealing* v. *Clay Circuit Court* (1934), 207 Ind. 259, 192 N. E. 423, is applicable in principle to the facts in this case. A change of venue was taken from the circuit court of Clay County and the case was sent to the circuit court of Sullivan County. While pending in the Sullivan Circuit Court, the other party to the action took a change of venue from that county. Under the statute there involved it was the duty of the judge to submit a list of all the adjoining counties from which the parties would be entitled to strike, the case to be sent to the remaining county. This procedure was followed when the case was venued from Clay County, but when the change was taken from Sullivan County, the relatrix objected to the inclusion of the name of Clay County, for the reason that she had taken a change of venue from that county on account of undue influence, and, if the cause should be returned to Clay County, it would have the effect to annul her affidavit theretofore filed for a change from that county.

That procedure was based upon section 2-1408 Burns' Ind. St. 1933, section 192 Baldwin's Ind. St. 1934. This court there held that where a change of venue was taken from the Clay Circuit Court the jurisdiction of that court in the case was lost, unless by agreement of the parties it was remanded to that court. The court said (page 263) :

> "If, after the relatrix had filed her affidavit and motion for a change of venue from Clay county and the motion sustained and the cause sent to another county, the cause can be sent back to Clay county on another change of venue over the objections of the relatrix, then her motion for a change of venue was futile and useless and would amount to a denial of a change of venue as provided by statute."

It was held that under the situation there presented, it was error to include Clay County in the list of counties adjoining Sullivan County upon a change of venue from that county.

When the statute provided the procedure to be followed where the special judge failed to qualify, by providing: "which procedure shall be followed *until a competent and disinterested person is obtained to insure a fair, impartial and speedy trial,*" it clearly intended that the procedure of certifying to the clerk of this court be followed where the special judge was disqualified. If the position of the relator should be adopted, his change of venue from the special judge sending the cause back to the regular judge would entirely nullify the affidavit and motion of the plaintiff for a change of venue from the regular judge, respondent.

The alternative writ heretofore issued is vacated, and it is ordered that the clerk of the Wells Circuit Court certify to the clerk of this court the facts as to the change of venue, whereupon, the clerk of this court will be directed to submit the names of three competent persons from whom a special judge will be selected.