INDIANAPOLIS DAIRYMEN'S CO-OP. INC., ET AL. V.
BOTTEMA, ET AL.

[No. 28,386. Filed May 21, 1948.]

*Davis, Baltzell, Hartsock & Dongus,* of Indianapolis, for appellants.

*Irving M. Fauvre, Joe Rand Beckett, Charles K. Mc-Cormack & Michael L. Fansler,* all of Indianapolis, for appellees.

EMMERT, C. J.—The controversy in this case arose out of the issues involved in a suit pending in the Marion Circuit Court for an accounting and the appointment of a temporary receiver and for an injunction, one phase of which has previously been considered by this court this date. Indianapolis Dairymen's Cooperative, Inc. et al, Appellants vs. Cash M. Bottema, Jr., et al, Appellees, No. 28369, ante, p. 237. It is not necessary now to restate the pleadings or the facts in the appeal from the order appointing a receiver *pendente lite,* and in this case we will take judicial notice of such matters. *Rooker* v. *Fidelity Trust Co., Trustee,* (1931), 202 Ind. 641, 177 N. E. 454.

After the order appointing a receiver the appellees filed a petition, verified upon information and belief of Cash M. Bottema, Jr., to maintain the status quo of the defendants in the appeal. Four (4) days later the court entered a judgment ordering the Indianapolis Dairymen's Cooperative, Inc., to "protect and maintain in status quo all of the books, records, assets and property

of said defendant, Indianapolis Dairymen's Cooperative, Inc., and all of the margin reserves held by it; . . . that the officers, agents, and employees desist from further attempting to reorganize said Indianapolis Dairymen's Cooperative, Inc., or from forming a new cooperative for the purpose of taking over the assets and rights belonging to said Indianapolis Dairymen's Cooperative, Inc; . . . that the agents, officers and employees of the Indianapolis Dairymen's Cooperative, Inc., make no further distribution of any of the funds or assets held by the said defendant, Indianapolis Dairymen's Cooperative, Inc., to any of its members; . . . that all property, funds or assets now in possession of defendant, Indianapolis Dairymen's Cooperative, Inc., be held intact, and that no distribution or disbursements be made, except in connection with the buying and selling of milk for its members or such other acts done in the regular course of business, until said appeal is determined by the Indiana Supreme Court, and the further order of this Court."

This appeal is from the orders granting a temporary injunction and the overruling of the motion to dissolve the same. Section 2-3218, Burns' 1946 Replacement. The order book entry of the trial court preceding the finding proper recited: "the Court having read the verified petition and heard the evidence thereon and being duly advised in the premises finds . . ." However, the bill of exceptions approved by the trial judge recites in part: "Whereupon, the court announced that he would enter the order as submitted by plaintiffs and directed that such order be entered, which is the same order appearing of record herein. No evidence in support of or in opposition to said petition for injunction other than the plaintiffs verified petition was introduced by either party. The court re-

porter was not called and said verified petition was not offered in evidence . . ." This presents a conflict between the order book entry made as a preliminary part of the finding and judgment, and the subsequent bill of exceptions. Although the bill of exceptions is somewhat ambiguous, when it is construed with the order book entry it is apparent that the trial judge considered the verified petition in evidence for the purpose of making a finding and judgment on the temporary injunction, without the same being introduced in evidence by the moving parties, but that said verified petition was not offered in evidence, nor was any other evidence offered in behalf of the proponents on this issue.

The general rule is that a bill of exceptions imports absolute verity. *Vivian Collieries Co.* v. *Cahall* (1916), 184 Ind. 473, 110 N. E. 672; *Hinshaw* v. *State* (1919), 188 Ind. 447, 124 N. E. 458. If a matter must be shown by a bill of exceptions the recitals of the bill which operates to bring the facts distinctly to the attention of the judge who signs it will control a conflicting recital contained in a prior order book entry. Ewbanks Manual of Practice, (2d Ed.) § 34, pp. 69, 70. From this state of the record we must hold that the verified petition for a temporary injunction was not introduced in evidence, and there was no other evidence of any other nature introduced on the issues on the petition for a temporary injunction.

Section 3-2105 Burns' 1946 Replacement provides that:

"On the hearing of an application for a restraining order or temporary injunction, each party may read affidavits or documentary or record evidence."

(Acts of 1881 (Spec. Sess.), ch. 38, § 181, p. 240.)

This court has previously construed this section of the statute, and has held that in a hearing for a temporary injunction the verified petition or application must be introduced in evidence before the court may consider its allegations as a basis for a finding.

In *Public Service Commission* v. *Baltimore, etc. R. Co.* (1931), 202 Ind. 449, at page 452 the court said, ". . . it is necessary for the (verified) complaint to be introduced in evidence in order for it to become a part of the evidence, . . ." Since there is no evidence in this record upon which the trial court could base finding the temporary injunction should issue, it was error for the trial court to grant the temporary injunction.

The appellants assert it was error for the trial court to issue a temporary injunction without requiring of the parties asking it a written undertaking with surety, as required by § 3-2107 Burns' 1946 Replacement.[1]

In *Lake Erie & W. R. R. Co.* v. *Gluggish* (1895), 143 Ind. 347, 42 N. E. 743, it was held that this section of the statute did not require a bond when a perpetual injunction was issued on the final hearing, but we have not been able to discover any authority holding that the statute does not apply where a temporary injunction is issued by the trial court to protect the status of property that is the subject of litigation. The inconvenience to the defendants as well as the expense and risk are just as great

[1] "No injunction or restraining order shall be granted until the party asking it shall enter into a written undertaking, with surety to be approved by the court or judge, to the adverse party affected thereby, for the payment of all damages and costs which may accrue by reason of the injunction or restraining order."

Acts 1881 (Spec. Sess.), ch 38, § 183, p. 240.

in a proceeding to protect the status quo of a judgment as in any other case in which a restraining order or temporary injunction may issue. A defendant does not have an opportunity to make a full defense upon the merits before the issuance of a temporary injunction. If the proponent makes a prima facie case for a temporary injunction on the hearing, he may be entitled to a temporary injunction. 32 C.J. 351, § 582. But it should not issue without a bond to protect the defendant. Nor does the statutory rule present any unlawful interference with the inherent power of the judicial department by the legislative department.

After the trial court had appointed a receiver the appellants filed a verified motion for change of venue from the county, which motion was overruled by the trial court prior to the time a temporary injunction was issued. Appellants assert that the trial court thereby lost jurisdiction to issue the temporary injunction. If it be assumed that the motion for change of venue was valid, it does not follow that the Marion Circuit Court thereby lost all jurisdiction to act in the pending litigation. It is the general rule that when a proper motion for change of venue from the county is filed the court in which it was filed loses jurisdiction in the case. *State ex rel. Kealing* v. *Clay Circuit Court* (1934), 207 Ind. 259, 263, 192 N. E. 423. But jurisdiction must continue in some court, and until the court to which the venue was changed acquires jurisdiction by the receipt of transcript, the original court must retain jurisdiction to make any necessary emergency interlocutory orders. Pending an action for divorce the trial court does not lose jurisdiction to make an order for support if a proper motion for change of venue from the county has been filed prior to the time another court acquires jurisdiction. In

*State ex rel. Gwin* v. *Spencer, Judge* (1942), 220 Ind. 337, 339, 43 N. E. 2d 724, this court said:

"Jurisdiction over the case must necessarily be in some court and some court must necessarily have jurisdiction over the action to make such orders as might be necessary for the protection of the rights of the parties litigant. To hold that the respondent judge in this case had no jurisdiction to make interlocutory orders in such a case would leave the parties to the action helpless until the venue had been perfected, and jurisdiction vested in the court to which it was sent. In some cases several days or possibly weeks might intervene between the date of filing the motion for a change of venue and the date upon which the case was filed in the county to which the action was venued. In the meantime, property interests might be affected seriously and the welfare of children might be neglected. We are not persuaded that such a situation should receive the endorsement of this court."

Moreover, "The purpose of interlocutory orders appointing receivers and issuing restraining orders is to preserve the status, or to protect property pending a disposition of the main action upon its merits. The statute does not provide for a change of venue upon the hearing of such matters. Delay pending the completion of a change of venue might in many instances deprive parties of the protection afforded by such interlocutory remedies. The rule that the filing of an affidavit for a change of venue from the county does not deprive the court of jurisdiction to make such interlocutory orders is well settled, and no indication of a recession from this rule is pointed out. See *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453." *Vogel* v. *Chappell, Trustee* (1937), 211 Ind. 310, 312, 313, 6 N. E. 2d 953. Even though the order appointing a temporary receiver was erroneous (Indianapolis Dairymen's Cooperative, Inc. et al. v. Cash M.

Bottema, Jr., et al., ante, p. 237), the Marion Circuit Court had jurisdiction of the parties and jurisdiction of the subject-matter to issue the temporary injunction.

The interlocutory order granting a temporary injunction is reversed.

Young, J., not participating.

Note.—Reported in 79 N. E. 2d 412.