STATE EX REL. ATHANASOFF, ADMINISTRATOR *v.* LAKE SUPERIOR COURT OF LAKE COUNTY, ROOM NO. 4, ET AL.

[No. 28,715. Filed November 17, 1950.]

*Frank A. Rondinelli*, of Gary, for relator.

*Louis H. George,* of Gary, for respondents.

EMMERT, C. J.—This is an original action praying that the respondents be mandated to grant the petitioner a change of venue from Lake County in a proceeding by heirs for citation and removal of the said petitioner as administrator in Estate No. 5537, entitled "In the Matter of the Estate of Nick Athanasoff, deceased" now pending in the Lake Superior Court, Room No. 4. The petitioner presented a verified motion for a change of venue from the county for causes provided by the statute (Section 2-1401, cl. 3rd, Burns' 1946 Replacement). The motion was denied for the reason "that this cause is not a civil action within the meaning of the statutes providing for a change of venue from the county."

Section 2-1403, Burns' 1946 Replacement, provides:

"In any action, proceeding, or matter, of any character or nature whatever, relating to, connected with or involving the estate of a decedent in any manner whatever, any of the parties thereto shall be entitled to a change of judge or change of venue from the county for the same reasons and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county on any civil action: Provided, however, That nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent, or to authorize a change of

venue from the county upon the exceptions to the final report of an administrator or executor, and hereafter there shall be no change of venue from the county upon exceptions to the final report of an administrator or executor."

The proceeding to remove the administrator clearly falls within the provision of the first part of the statute granting the right to a change of venue, and it is not necessary to determine whether this particular proceeding is a civil action or not. The denial of the change was error. The judge had but a single duty to perform and that was to grant the change of venue. *State ex rel. White Water, etc.* v. *Hoelscher, Judge* (1935), 208 Ind. 334, 196 N. E. 1. The case of *State ex rel. Allen* v. *Fayette Circuit Court* (1948), 226 Ind. 432, 81 N. E. 2d 683, is not in point, since the issue there involved the right to a change of venue in an action for a writ of habeas corpus and involved the construction of § 2-1401, Burns' 1946 Replacement.

There is no merit in the respondents' contention that the petition here did not comply with Rule 2-35 on certified copies of "all pleadings, orders and entries pertaining to the subject matter." The petition had attached as exhibits thereto certified copies of the petition for the removal of the administrator, the verified motion for change of venue from the county, the order book entry showing the filing of the verified motion for change of venue from the county, and the order book entry showing the overruling of the motion for change of venue. No additional exhibits were required.

The alternative mandate is made absolute and the respondent court is hereby directed to grant relator's motion for change of venue from the county.

NOTE.—Reported in 95 N. E. 2d 153.