STATE OF INDIANA EX REL. KEESLING ET AL. *v.* GRANT CIRCUIT COURT, CAINE, JUDGE.

[No. 29,716. Filed November 18, 1958.]

George S. Koons, Sidney E. McClellan, both of Muncie, and Campbell, Gemmill, Browne, Torrance & Sisson, of Marion, for relators.

White, Haymond, Pierce & Beasley, Frank E. Gilkinson, all of Muncie, and Batton, Harker, Kiley & Osborn, of Marion, for respondents.

ARTERBURN, J.—This is an original action for a writ of prohibition to prevent the Grant Circuit Court from issuing an order for the possession of certain real

estate which is the subject of an eminent domain proceeding brought by the Muncie Water Works Company.

On August 30, 1957, the Muncie Water Works Company filed in the Delaware Superior Court a complaint to appropriate the real estate of the relators. Relators appealed from the overruling of their objection and the interlocutory order appointing appraisers and filed their appeal bond.

Thereafter on March 17, 1958, the Muncie Water Works Company requested and secured a change of venue from the Delaware Superior Court to the Grant Circuit Court, where the cause is now pending. However it was not until about May 1, 1958, that the cause, transcript, papers and files were received and docketed in the Grant Circuit Court.

In the meantime (on April 7, 1958), the amount of the award of $234,000 was paid to the clerk of the Delaware Superior Court by the Muncie Water Works Company.

The issue here as to the right to possession of the real estate and the jurisdiction of the Grant Circuit Court to enforce such possession, turns on whether or not the payment to the clerk of the Delaware Superior Court was proper and pursuant to the statute after a change of venue was granted therefrom, but before it was finally perfected in the Grant Circuit Court.

The applicable statute [§3-1708, Burns' 1946 Replacement] provides:

"If the plaintiff shall pay to the clerk of such court the amount of damages thus assessed, it shall be lawful for such plaintiff to take possession of and hold the interest in the lands so appropriated,
. . ."

Section 3-1707, Burns' 1946 Replacement provides with reference to the issues and appeal from exceptions

filed "the court may make such further orders, and render such finding and judgment as may seem just."

The relator relies upon the general principle that the filing of a proper request for a change of venue immediately divests the court where the cause is pending of jurisdiction to take any further action except to grant the change. *State ex rel. White Water, etc.* v. *Hoelscher, Judge* (1935), 208 Ind. 334, 196 N. E. 1; *State ex rel. Kealing* v. *Clay Circuit Court* (1934), 207 Ind. 259, 192 N. E. 423.

This rule is subject to qualifications from necessity. When a change of venue is ordered, a complete *hiatus* in jurisdiction does not occur during the time the cause is being transferred and filed in the court to which the venue is taken, particularly as to emergency matters.

It has been held that a temporary receiver may be appointed pending the transfer and change to another county where a showing is made of such emergency. *Vogel* v. *Chappell, Trustee* (1937), 211 Ind. 310, 6 N. E. 2d 953; *Kist* v. *Coughlin* (1936), 210 Ind. 622, 1 N. E. 2d 602, 4 N. E. 2d 533; *State ex rel. City of Indpls.* v. *Sup. Ct. of Mar. Co.* (1955), 235 Ind. 151, 128 N. E. 2d 874, 131 N. E. 2d 645.

Jurisdiction over the case for the protection of the right of the parties pending the transfer of a cause after a change of venue has been granted must, from force of necessity, be in some court. To hold otherwise would leave the parties helpless. In some cases, weeks would pass before the cause and papers would reach the county to which venued. Property interest and the welfare of children would be seriously neglected. In *Indianapolis Dairymen's Co-op.* v. *Bottema* (1948), 226 Ind. 260, p. 265, 79 N. E. 2d 409, 411, we said:

". . . . It is the general rule that when a proper motion for change of venue from the county is filed the court in which it was filed loses jurisdiction in the case. State ex rel. Kealing v. Clay Circuit Court, 1934, 207 Ind. 259, 263, 192 N. E. 423. But jurisdiction must continue in some court, and until the court to which the venue was changed acquires jurisdiction by the receipt of transcript, the original court must retain jurisdiction to make any necessary emergency interlocutory orders."

We think the law is clear that the legislature intended to expedite condemnation proceedings by permitting the payment of the award and the taking of possession pending the ultimate determination of the issues involved. There is no reason offered why a change of venue should hold up or stay such possession.

We therefore hold that it was proper, pending the perfection of the change of venue and until the Grant Circuit Court took jurisdiction, to pay the amount of the award to the clerk of the Delaware Superior Court where the cause was pending at the time the change of venue was requested.

A further contention is made that the Muncie Water Works Company after paying to the Clerk the amount of the appraiser's award holds only as a licensee during an appeal from the overruling of the exceptions and objections to the complaint. With this we agree. However, it is admitted that as a licensee the Water Company may occupy the real estate and possess the same to the extent necessary to the performance of its work. *Schnull* v. *Indianapolis, etc. R. Co.* (1921), 190 Ind. 572, 131 N. E. 2d 51; *Terre Haute, etc., R. Co.* v. *Indianapolis, etc., Co.* (1906), 167 Ind. 193, 78 N. E. 661.

Section 3-1705, Burns' 1946 Replacement provides that an appeal from the overruling of objections and excep-

tions such as in this case, ". . . shall not stay proceedings in such cause." Under this provision the trial court had jurisdiction to make the particular order for possession of the real estate pending the appeal.

Nothing is pointed out wherein the order made by the Court authorizing the Water Company to take possession of the real estate is improper.

The Grant Circuit Court has jurisdiction to issue the order for the possession of the real estate in question.

The Writ of Prohibition is denied.

Bobbitt, C. J., Landis, Achor and Emmert, JJ., concur.

NOTE.—Reported in 153 N. E. 2d 912.