MICHIGAN MUTUAL LIABILITY COMPANY v.
PEREZ ET AL.

[No. 20,000. Filed May 26, 1965.]

248

*William E. Mills* and *R. Kent Rowe,* of South Bend, and *Edwin L. Robinson,* of Morocco, and *Mills and Rowe,* of counsel, of South Bend, for appellant.

*Chudom & Chudom,* of Gary, for appellee, Francisca Perez.

BIERLY, C. J.—This was an action instituted by appellee, Francisca Perez, for proceedings supplementary to execution joining appellant, Michigan Mutual Liability Company, as a supplemental defendant to recover the amount of a purported judgment rendered against appellees, George Smallidge and Harold Gray.

The issues were formed by the appellee, Francisca Perez, filing a complaint which alleged that appellant, Michigan Mutual Liability Company, had issued an insurance policy to the Miller Transportation, Inc., which inured for the benefit of appellees, Harold Gray and George Smallidge, against whom the appellee had purportedly procured a judgment, to which complaint appellant filed an answer in abatement which was subjected to a motion to strike, and said motion was sustained by the court. Appellant thence filed a demurrer to the complaint which was overruled.

The judgment upon which this action was instituted was a default judgment entered December 1, 1959 against appellees, Smallidge and Gray, in the Lake Superior Court, Room 4, a certified copy of which, omitting formal parts, reads as follows: (Exhibit I.)

"Comes now the plaintiff by attorney M. C. Chudom, and shows service of summons by the Sheriff of Lake County, Indiana, on the defendant, George Smallidge, by reading and leaving a true copy thereof at defendant's last and usual place of residence on the 29th day of October, 1959; and on the defendant, Harold Gray, by leaving a true copy thereof on the 30th day of October, 1959, which was more than ten days prior to the 30th day of November, 1959, the return day herein as fixed by endorsement in writing on plaintiff's complaint, which summons together with the Sheriff's return endorsed thereon, reads as follows (insert).

"The defendants and each of them failing to appear or answer herein, are three times audibly called in open court, comes not, but herein wholly makes default. Said plaintiff also files affidavit concerning military service of the defendants, which affidavits are in these words (insert).

"This cause is thereupon submitted to court for hearing and trial, without the intervention of a jury, and the court having heard all of the evidence and being duly advised in the premises, now

finds for the plaintiff for the sum of $15,000.00 damages, together with all costs herein.

"IT IS THEREFORE CONSIDERED, ADJUDGED AND DECREED by the court that the plaintiff recover of and from the defendants, Harold Gray and George Smallidge, the said sum of $15,000.00 damages, together with all costs herein.

SIGNED: *ANTHONY B. ROSZKOWSKI*

Judge—Lake Superior Court"

Said certified copy was admitted into evidence as plaintiff's-appellee's Exhibit No. 1 in the case at bar, over the objection of supplemental defendant-appellant, which objection reads as follows:

"MR. ROBINSON: Your Honor, with respect to Plaintiff's Exhibit No. 1 which is a certified copy of a judgment of the Lake Superior Court against the defendants Harold Gray and George Smallidge, which was entered on December 1, 1959, the Miller or the Michigan Mutual Liability Company objects to that for the reason that on November 20th of 1959, the defendant Miller Transportation Company appeared by its attorney William E. Mills and filed a motion for a change of venue from Lake County, and therefore after this motion for a change of venue was filed in this cause of action the Lake Superior Court was divested of all jurisdiction and had no authority or jurisdiction to enter any purported judgment after November 20, 1959 against any of the defendants. And we do have authority upon that, if the court would like to see it."

Plaintiff's appellee's Exhibit No. 2 purports to be an execution issued by the Clerk to the Sheriff of Lake County, Indiana, for service on defendants, Harold Gray and George Smallidge, appellees, on May 24, 1960, and the return of the writ by the Sheriff on August 31, 1960 was shown as unsatisfied. This plaintiff's appellee's Exhibit No. 2 was admitted in the evidence

in the case at bar over the objection by the supplemental defendant (appellant) in these words:

"MR. ROBINSON: With respect to Plaintiff's Exhibit No. 2, which is the return of the Sheriff of Lake County on the execution as against Harold Gray and George Smallidge, we make the same objection, your Honor, that the Court on December 1, 1959, at the time the purported judgment was executed, had no jurisdiction of any kind since prior thereto an affidavit had been filed for a change of venue from this cause of action—from Lake County."

Trial was to the court which found for appellee, Francisca Perez, and who thence entered, on July 12, 1962, an order and judgment as follows:

"The Court having had this matter under advisement now finds for plaintiff. Judgment and order for plaintiff in the Proceedings Supplementary:

"The Court having heretofore heard the evidence in this cause and being duly advised in the premises, now finds that the allegations of plaintiff's complaint in proceedings supplementary to execution herein are true, and that the relief prayed for therein should be granted.

"The Court finds that the supplemental defendant, Michigan Mutual Liability Company, is in possession of the sum of $15,000.00, together with interest at the rate of 6% per annum in the sum of $2,557.37, and the costs of this action, and that said moneys are the property of the defendants, Harold Gray and George Smallidge, and that said sums are to be applied to the satisfaction of the judgment of plaintiff, Francisca Perez, rendered in the Lake Superior Court, Room 4, on December 1, 1959, in Cause No. 459-1584, entitled *Francisca Perez* v. *Harold Gray and George Smallidge.*

"IT IS, THEREFORE, ORDERED that the supplemental defendant, Michigan Mutual Liability Company, shall deliver to the Clerk of the Lake Superior Court of Indiana, or to the Sheriff of Lake County, Indiana the sum of $15,000.00 and

costs, with interest at the rate of 6% per annum from December 1, 1959, for the satisfaction of plaintiff's said judgment, within 15 days from date hereof; and upon the failure of supplemental defendant, Michigan Mutual Liability Company to comply with this order, judgment against said supplemental defendant, Michigan Mutual Liability Company, in the sum of $15,000.00, together with accrued interest at the rate of 6% per annum, and costs of this action be entered."

Appellant in due course filed its motion for new trial, which was subsequently overruled, and on the 31st day of January, 1963, the trial court entered its supplemental judgment as follows:

"It having made to appear to the court that the court's order of July 12, 1962, states, 'And upon the failure of supplemental defendant, Michigan Mutual Liability Company to comply with this order, judgment against said supplemental defendant, Michigan Mutual Liability Company, in the sum of $15,000.00, together with accrued interest at the rate of 6% per annum, and costs of this action be entered.'

"IT IS, THEREFORE, CONSIDERED, ADJUDGED AND DECREED, the court having overruled the motion for new trial in this matter, that the plaintiff do have and recover against the supplemental defendant the sum of Fifteen Thousand ($15,000.00) Dollars and costs with interest at the rate of 6% per annum from December 1, 1959."

Appellant appeals to this court and assigns as error the overruling of its motion for new trial.

The judgment upon which this action was instituted was a default judgment entered against appellees, Smallidge and Gray, in the Lake Superior Court, Room 4. Appellant argues that this judgment is null and void and of no legal effect as a motion for change of venue from the county was filed by de-

fendant, Miller Transportation, Inc., and this judgment was entered at a time when the Lake Superior Court was divested of jurisdiction to enter the judgment.

The appellee contends that while it is generally true that upon the filing of an affidavit for a change of venue from the county, the court in which said case is pending is divested of jurisdiction, a complete hiatus in jurisdiction doesn't occur during the interim while the cause is being transferred, particularly as to emergency matters. Further, appellee argues that jurisdiction sufficient to protect the parties remains in the transmitting court; and that a default in this case was necessary to insure that the rights and interests of the appellee would not be abused and neglected.

Hence, an integral phase of this appeal was whether the Judge of Lake Superior Court, Room 4, retained jurisdiction in the matter of entering a final judgment in favor of the appellee, Perez, when there was at the same time pending before him an application for a change of venue from the county filed by another co-defendant.

We are constrained to view the contentions of appellant, heretofore related, as more acceptable for the reasons hereinafter stated.

In *State ex rel. Karsch v. Eby, Judge* (1941), 218 Ind. 431, 33 N. E. 2d 336, our Supreme Court held:

". . . Where there are several defendants to one complaint and one of them procures a change from the county, the entire case goes notwithstanding the defendants might have been sued separately."

The court further stated:

". . . It has been uniformly held that the court to which the venue of a cause is changed acquires jurisdiction of the cause and of the subject-matter co-extensive with that of the court from which it

was removed, and may inquire into any matter connected with the subject-matter of the action, and may make any order, and render any judgment which might have been rendered by the court in which the action originated." (Cases cited).

Appellee relied upon the case of *State ex rel. Keesling* v. *Grant Cir. Ct. et al.* (1958), 238 Ind. 577, 153 N. E. 2d 912, wherein the court stated:

"The relator relies upon the general principle that the filing of a proper request for a change of venue immediately divests the court where the cause is pending of jurisdiction to take any further action except to grant the change (and cases cited).

"This rule is subject to qualifications from necessity. When a change of venue is ordered, a complete *hiatus* in jurisdiction does not occur during the time the cause is being transferred and filed in the court to which the venue is taken, particularly as to emergency matters.

"....

"Jurisdiction over the case for the protection of the right of the parties pending the transfer of a cause after a change of venue has been granted must, from force of necessity, be in some court. To hold otherwise would leave the parties helpless. In some cases, weeks would pass before the cause and papers would reach the county to which venued...."

In *Indianapolis Dairyman's Co-op* v. *Bottema* (1948), 226 Ind. 260, 79 N. E. 2d 409, our Supreme Court stated:

"... It is the general rule that when a proper motion for change of venue from the county is filed the court in which it was filed loses jurisdiction in the case. *State ex rel. Kealing* v. *Clay Circuit Court* (1934), 207 Ind. 259, 263, 192 N. E. 423. But jurisdiction must continue in some court, and until the court to which the venue was changed acquires jurisdiction by the receipt of transcript, the original court must retain jurisdic-

tion to make any *necessary emergency interlocutory orders*. (Our emphasis).

The court further adopted the language of *Vogel* v. *Chappell, Trustee* (1937), 211 Ind. 310, 6 N. E. 2d 953, wherein the court stated:

". . . 'The purpose of interlocutory orders appointing receivers and issuing restraining orders to preserve the status, or to protect property pending a disposition of the main action upon its merits. The statute does not provide for a change of venue upon the hearing of such matters. Delay pending the completion of a change of venue might in many instances deprive parties of the protection afforded by such interlocutory remedies. The rule that the filing of an affidavit for a change of venue from the county does not deprive the court of jurisdiction to make such interlocutory orders is well settled, and no indication of a recession from this rule is pointed out. See *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453.' . . . ."

While the case cited is not directly in point with the case at bar, we are of the opinion that it enunciates the jurisdiction of the court subsequent to the filing of a motion for a change of venue. The language of *Bottema, supra,* indicates that the trial court retains jurisdiction only to the extent to preserve the status, or protect property pending disposition of the case on its merits. The contention of appellee that the action of the trial court was necessary to protect the rights of the appellee is not impressive. The action of the trial court was not to preserve the status or protect property, but was a default judgment with the amount of damages liquidated. Upon the strength of the *Karsch* case, *supra,* we cannot imagine any reason why the rights of the appellee could not have been fully protected in the court to which the cause was venued.

In *Moore* v. *Fletcher* (1964), 136 Ind. App. 478, 196

N. E. 2d 422 (transfer denied), the trustee in bankruptcy of the Northern Indiana Oil Company, Inc., commenced an action in the Lake Circuit Court. On May 24, 1960 the defendant-appellees filed demurrers to the appellant's amended complaint which were sustained by the court. Appellant on June 27, 1960 filed his second amended complaint and third amended second paragraph of complaint and his motion for change of venue from the county. On September 12, 1960 appellees filed several motions and prayed for an entry of judgment. On October 8, 1960 the trial court sustained the motions of each of the defendants, denied the motion for change of venue from the county, and the court entered judgment against the plaintiffs. On appeal this court held:

> "Therefore, inasmuch as the appellant's motion for change of venue from the county satisfies the restrictive qualifications of Supreme Court Rule 1-12b, *supra*, we hold in the instant case that the trial court, in any justiciable matters yet to be disposed of under the state of the record, was divested of any further jurisdiction to act except to grant said motion for a change of venue from the county. *State ex rel. White Water, etc.* v. *Hoelscher, Judge, supra.*"

When the application for a change of venue was filed by co-defendant, which is binding upon all defendants, the trial judge before whom the cause was filed lost jurisdiction except in matters of emergency and which matters need prompt determination. This was not a matter of an emergency as the entering of a default judgment was a final adjudication which the application for a change of venue sought to avoid.

Appellee argues in the alternative that the judgment is merely voidable and not subject to attack in this

action. With this we cannot agree. Authority to render a particular judgment is absolutely essential to a valid judgment, and in the absence of such authority the judgment may be void. *State ex rel. Pub. Serv. Comm.* v. *Johnson Cir. Ct.* (1953), 232 Ind. 501, 112 N. E. 2d 429. It is well established that a void judgment is a nullity, a mere *brutum fulmen,* which need not be recognized by anyone and may be collaterally attacked in another action. *Aramovich* v. *Doles* (1964), 244 Ind. 658, 195 N. E. 2d 481.

The defense that the judgment upon which this action rests is void is a valid defense and to hold otherwise would deny appellant the protection of a well-established principle of law.

Judgment reversed.

Hunter, Mote and Smith, JJ., concur.

NOTE.—Reported in 207 N. E. 2d 368.