John D. RAIKOS, Appellant
(Plaintiff Below)

v.

Paul M. NEHRING, Appellee
(Defendant Below).

No. 12A02–8703–CV–87.

Court of Appeals of Indiana,
Second District.

Sept. 8, 1988.

Edward B. Hopper, II, Indianapolis, for appellant.

William K. Byrum, Anthony O. Crowell, Byrum, Gagnon & Diehl, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

John D. Raikos appeals the grant of a partial summary judgment on Paul M. Nehring's counterclaim.

We affirm.

This action commenced in 1977 when Raikos filed a complaint in the Marion County Superior Court against Nehring for legal services rendered. A default judgment was entered January 5, 1978. The next day, Raikos filed a verified petition to register the judgment in the Circuit Court of DeKalb County, Illinois and commenced execution proceedings. Thereafter, Nehring petitioned the Chancery Division of the Circuit Court of Cook County, Illinois to enjoin Raikos from disposing or otherwise exercising control over Nehring's silver coins which had been levied upon. The Cook County court denied the injunction and the coins were released to Raikos on April 19, 1978.

In the meantime, Nehring moved for relief from the default judgment in the Marion County Superior Court. When relief was denied Nehring appealed. This court reversed the judgment of the Marion Superior Court on December 15, 1980, and remanded the cause for further proceedings. 413 N.E.2d 328. Transfer was denied by the Indiana Supreme Court on July 16, 1981. On remand, the cause was venued to the Boone Superior Court. On August 28, 1981, Raikos filed a motion for change of venue from Boone County which was granted that same day. Pending the selection of the new venue county, and after a hearing, the Boone Superior Court issued a Writ of Restitution on September 21, 1981. Thereafter, the parties struck counties and Clinton County remained. The change of venue to Clinton County was perfected on October 27, 1981. On February 2, 1982, Nehring filed a counterclaim. He subsequently filed a motion for partial summary judgment which was granted November 24, 1986. This appeal ensued.

The issues on appeal are:

1. Is the Writ of Restitution void;

2. Is the issue of Nehring's damages precluded by an Illinois judgment; and

3. Did the trial court err in denying Raikos's motion to strike Nehring's counterclaim?

Nehring's counterclaim for monies had and received seeks the value of the coins Raikos failed to return to Nehring as ordered by the Writ of Restitution.[1] Thus, Nehring's motion for a partial summary judgment is based upon his claim that genuine issues of material fact do not exist pertaining to his entitlement to damages for the value of the coins Raikos failed to return as ordered by the Writ. In addition, he claims the amount of his damages were irrebuttably determined by the Writ which includes a finding that

> the aggregate value of said ... coins being worth approximately nine hundred fifty thousand dollars ($950,000.00) in the open market on the date of this hearing....

Record at 17.

The trial court agreed. In its Judgment Entry, it states genuine issues of material fact do not exist on Nehring's claim for money had and received because the Writ is a final order which not only required Raikos to deliver the property to Nehring

---

1. The counterclaim for monies had and received also contains numerous allegations that are superfluous and immaterial because they address Nehring's contentions of the merits of Raikos's claim and more properly are included in an answer. In any event, these allegations do not constitute a claim which was determined by the partial summary judgment.

but also established the value of the coins at $950,000.00.

Raikos attacks the partial summary judgment on grounds the trial court erred in determining the Writ establishes the value of the coins because the Writ is void and because the value of the coins was irrebuttably established at their face value by an Illinois judgment which is entitled to full faith and credit. The trial court did not err in entering the partial summary judgment on the basis of Raikos's asserted errors.

Raikos argues the Boone County court Writ is void for want of subject matter jurisdiction and, therefore, cannot sustain the Clinton Circuit Court's determination that a genuine issue of material fact does not exist pertaining to the value of the coins.

■■■ He first claims the Writ is void because neither of the litigants ever resided in Boone County. This argument borders on the frivilous inasmuch as the cause was in Boone County on a change of venue from Marion County. Thus, residence of the parties in Boone County is irrelevant. Of the same ilk, is Raikos's argument the Boone County Writ is void because the "res" of the controversy was not in existence and, therefore, not before the Boone Superior Court. This fact, too, is irrelevant. The parties were before the court and the petition sought to compel Raikos to perform an act—deliver the coins to Nehring. Accordingly, the location of the "res" is not determinative. Further Raikos cannot claim any legal advantage arising from the fact he had previously disposed of the coins since he failed to advise the Boone Superior Court of that fact at the hearing on the petition for the Writ.

■■ Raikos next asserts the Writ is void because his motion for change of venue from Boone County was filed and granted prior to the hearing on the Petition for Writ of Restitution. The Boone County court held the hearing and issued the Writ as an emergency matter under Indiana Rule of Trial Procedure 78 which reads:

Whenever a court has granted an order for a change of venue to another county and the costs thereof have been paid where an obligation exists to pay such costs for such change, either party to the cause may file a certified copy of the order making such change in the court to which such change has been made, and thereupon such court shall have full jurisdiction of said cause, regardless of the fact that the transcript and papers have not yet been filed with such court to which such change is taken. Nothing in this rule shall be construed as divesting the original court of its jurisdiction to hear and determine emergency matters between the time that a motion for change of venue to another county is filed and the time that the court grants an order for the change of venue.

Raikos argues this matter does not fall within the perimeters of T.R. 78 because Boone County was not the "original" court and because an emergency could not exist inasmuch as he did not have the coins in his possession.[2]

The Boone Superior Court was the original court within the meaning of that term in T.R. 78. A reading of that rule leaves no doubt but that when the term "original court" is used, it is referring to the court in the county from which the change of venue is being taken as opposed to the court in which the litigation originally commenced. There is also no merit to Raiko's argument an emergency could not exist because he did not have possession of the coins. At no time during the proceedings leading to the issuance of the Writ, including the hearing, was evidence of that fact offered.

■■ Raikos next asserts the Writ is void because a Writ of Restitution lies only to restore "everything of value taken from a defendant *in that same court* on a judgment which was reversed by that same court after being mandated so to do by an

2. Raikos does not argue the basis for Nehring's petition, a return to status quo, is not the proper subject for emergency relief.

Appellate Court." *Appellant's Brief* at 27. He argues Nehring's coins were not taken under any Indiana judgment. Raikos is incorrect. The sole basis for the Illinois execution proceeding was the default judgment entered in Indiana under this same cause.

■ Finally, Raikos argues the Boone County court's jurisdiction under T.R. 78 was limited to " 'necessary emergency interlocutory orders,' " not final judgments. *Id.* at 25.

He relies upon *Michigan Mutual Liability Co. v. Perez* (1965), 137 Ind.App. 247, 207 N.E.2d 368. In *Perez,* a court entered a default judgment after a timely motion for change of venue was filed. In holding the entry of the default judgment was erroneous, this court quoted from numerous opinions of our supreme court which predated T.R. 78, yet recognized:

> when a change of venue is ordered, a complete *hiatus* in jurisdiction does not occur during the time the cause is being transferred and filed in the court to which venue is taken, particularly as to emergency matters.

*Perez,* 207 N.E.2d at 371 quoting *State ex rel. Keesling v. Grant Cir. Ct.* (1958), 238 Ind. 577, 580, 153 N.E.2d 912, 913. The *Perez* court also quoted from *Indianapolis Dairymen's Co-op v. Bottema* (1948), 226 Ind. 260, 265, 79 N.E.2d 409, 411–412, as follows:

> But jurisdiction must continue in some court, and until the court to which the venue was changed acquires jurisdiction ... the original court must retain jurisdiction to make any necessary emergency interlocutory orders.

*Perez,* 207 N.E.2d at 372.

Raikos seizes upon the "necessary emergency interlocutory orders" language of the *Bottema* court in contending that because the Writ was a final judgment, it could not constitute a necessary emergency interlocutory order. We need not and do not decide whether the Writ was a final judgment or an interlocutory order. We disagree with Raikos's argument that the jurisdiction of the Boone Superior Court to entertain an emergency matter depends upon whether the order subsequently entered is final or interlocutory. First, the *Bottema* decision concerned an interlocutory order, the grant of a temporary injunction and the overruling of the motion to dissolve it. Therefore, it is only natural the *Bottema* court should describe the order appealed as a necessary emergency interlocutory order without intending to exclude the type of emergency matters a court might entertain pending the perfection of a change of venue. Instead, we emphasize the language in *State ex rel. Keesling,* a more recent decision of our supreme court, and *Perez* which states that the "original court" retains jurisdiction as to emergency matters and matters which need prompt determination. This position is also consistent with the language of T.R. 78 which speaks in terms of "emergency matters" and fails to qualify the description with the additional requirement that the matters be interlocutory in nature.

Therefore, there is no merit to Raikos's argument that the Writ was void.[3] Neither is there merit to Raikos's argument the judgment is erroneous because the Clinton and Boone County Courts were barred by the Illinois judgment from determining the value of the coins.

The Illinois judgment is an Order entered April 21, 1978 in Cause No. 78 CH 1264 in the Chancery Division of the Circuit Court of Cook County, Illinois. This action was for an injunction filed by Nehring against Raikos and a Chicago bank which apparently had possession of the subject coins. The complaint sought to enjoin the bank and Raikos from "in any manner transferring the physical possession, or encumbering, conveying or transferring title to the one hundred ten (110) bags of coins now in possession of the First National Bank of Chicago." Record at 138. Nehring alleged

---

**3.** Raikos also argues "a gross miscarriage of justice is likely to result" if Nehring is allowed to proceed on his counterclaim while Raikos's motion to file an amended complaint was denied. We do not consider this argument because Raikos fails to assert error on the trial court's ruling on his motion to amend.

the intrinsic value of the coins exceeded their face value and the amount of the judgment so, if they were placed at Raikos's disposal, Raikos would unduly profit.

The Cook County Court vacated a previously entered restraining order and denied Nehring's request for permanent injunction by the following Order:

> This cause coming on to be heard on the motion of defendant, JOHN D. RAIKOS, to dissolve this Court's Order of March 9, 1978 and for an order that the defendant FIRST NATIONAL BANK OF CHICAGO, follow defendant RAIKO'S [sic] directions with respect to the disposition of 110 bags of silver heretofore deposited with FIRST NATIONAL BANK OF CHICAGO by defendant RAIKOS and on the motion of plaintiff for a supplemental order and for a status quo order and the Court being advised in the premises:
>
> IT IS HEREBY ORDERED that:
>
> 1. This Court's order of March 9, 1978 is vacated;
>
> 2. Plaintiff's motion for a supplemental order and for a status quo order is denied;
>
> 3. THE FIRST NATIONAL BANK OF CHICAGO shall immediately issue a certificate or certificates in the name of JOHN D. RAIKOS attesting to the contents of the 110 bags of silver placed by RAIKOS with FIRST NATIONAL BANK OF CHICAGO and, upon RAIKOS' written demand, to immediately deliver up such bags of silver to RAIKOS or his nominee.

Record at 180.

■ Raikos argues the doctrines of full faith and credit and preclusion barred the Clinton Circuit Court and the Boone Superior Court from determining the value of the coins. We disagree. The April 21, 1978 order of the Cook County Court did not determine the value of the coins. Thus, Raikos's full faith and credit argument is unavailing. Neither is there any merit to his argument based upon the doctrines of issue and claim preclusion.

■ Raikos's authority, *Coulson v. State* (1986), Ind.App., 488 N.E.2d 1154 defeats his claim preclusion argument. In that decision, this court observed:

> "claim preclusion" applies where there has been a final judgment on the merits, which acts as a complete bar to a subsequent action on the same claim between the same parties....
>
> Under the doctrine of claim preclusion, a judgment precludes a second action founded on the same or a substantially identical cause of action.

*Id.*, at 1156.

It is readily apparent that Nehring's action to enjoin delivery of the coins to Raikos is not the same claim, or even a substantially similar claim, as the claim by Nehring to recover damages as a result of Raikos's inability to deliver the coins after the default judgment was vacated and his claim to the coins under the judgment terminated. At most, the Cook County Court order determined that the Indiana court default judgment which had not yet been vacated and the DeKalb County Court execution order which was not appealed compelled the decision that Raikos was entitled to the possession of the coins.

■ Also, the intrinsic value of the coins was not an issue that could have been litigated in the Cook County action and, therefore, issue preclusion is inappropriate. The intrinsic value of the coins is not a litigable issue in an action in one Illinois court to enjoin enforcement of an execution order issued by another Illinois court when the execution order had not been directly attacked. Rather, the issue could only be whether the execution order is void.

■ Finally, Raikos argues the trial court erred in denying his motion to strike Nehring's counterclaim. However, because he failed to raise this issue in his motion to correct errors, he has not preserved it for review. *Sobieralski v. City of South Bend* (1985), Ind.App., 479 N.E.2d 98.

Therefore, because the errors asserted by Raikos are without merit, and he posits no other basis for reversal, the partial sum-

mary judgment of the trial court is affirmed.

CONOVER and SULLIVAN, JJ., concur.