STATE EX REL. GWIN *v.* SPENCER, JUDGE

[No. 27,769. Filed September 22, 1942.]

338

*Cornelius Weaver,* of Indianapolis, for appellant.

ROLL, C. J.—The relator, Ivan E. Gwin, files his petition herein for writ of prohibition against Herbert E. Spencer, judge of the Marion Superior Court, Room 2. This petition discloses the following facts:

Ruth M. Gwin filed an action for divorce against the relator, Ivan E. Gwin, in the Superior Court of Marion County, Room 2. This action for divorce was filed on the 3d day of August 1942. It is not alleged in the petition that the plaintiff in the divorce suit filed any application for support money *pendente lite,* but from a recital of the procedure taken, it is evident that such a petition was filed. On August 14, Ivan E. Gwin filed his verified motion in the divorce action for a change of venue from the county, and on August 21, he paid the cost of the change. On August 23, the attorney for the defendant was notified that there would be a hearing on plaintiff's petition for support at 11:30 a. m. on August 25. The attorney for relator appeared at this hearing and called the attention of the court to the fact that a motion for a change of venue was pending, and urged that the court was without jurisdiction to make further orders in the case. The court, however, heard evidence and entered an order to the effect that the defendant pay to the clerk $10.00 a week for the support of plaintiff, pending the action. After the order was made, the court sustained relator's motion for a change of venue from the county.

The petition further alleged that the court will enforce the provisions of said order and thereby exceed its jurisdiction unless prohibited from so doing, and for that reason asks the court to issue the writ herein prayed for.

The record shows that the Superior Court of Marion County, Room 2, had jurisdiction of the subject-matter of the action, and it is conceded that jurisdiction of the defendant, relator herein, was properly obtained. It would not be contended that the court did not have jurisdiction to make such an order, as is complained of herein if the order had been made before an affidavit for a change of venue from the county had been filed.

It seems to be the contention of the relator that the filing of the motion for a change of venue from the county deprived the court of jurisdiction, and after the filing of said motion, the court was without power or authority to make any order or exercise any jurisdiction over the case, except to enter an order sustaining the motion. We think this is an erroneous position. Jurisdiction over the case must necessarily be in some court and some court must necessarily have jurisdiction over the action to make such orders as might be necessary for the protection of the rights of the parties litigant. To hold that the respondent judge in this case had no jurisdiction to make interlocutory orders in such a case would leave the parties to the action helpless until the venue had been perfected, and jurisdiction vested in the court to which it was sent. In some cases several days or possibly weeks might intervene between the date of filing the motion for a change of venue and the date upon which the case was filed in the county to which the action was venued. In the meantime, property interests might be affected seriously and the welfare of children might be neglected. We are not persuaded that such a situation should receive the endorsement of this court.

It is our opinion that the respondent, as judge of the Superior Court, Room 2, did have jurisdiction to make such an interlocutory order as was herein made

while the action was still pending in that court, and until the venue had been perfected and jurisdiction vested in the court to which the case was sent. It therefore follows that the petition for a temporary writ of prohibition should be and the same is hereby denied.

NOTE.—Reported in 43 N. E. (2d) 724.