KAISER ALUMINUM & CHEMICAL SALES, INC. *v.* DICKERHOFF D/B/A DICKERHOFF TRUCKING.

[No. 19,864. Filed July 2, 1964.]

*William A. Thorne* and *Donald W. Jones,* both of Elkhart, for appellant.

*Max E. Reed,* and *Widaman, Bowser and Widaman,* of Warsaw, for appellee.

COOPER, J.—This matter comes to us from the Kosciusko Circuit Court wherein the appellant, Kaiser Aluminum & Chemical Sales, Inc., filed an action on open account against the appellee, Richard Dickerhoff, d/b/a Dickerhoff Trucking, for goods, wares and merchandise sold by the plaintiff, appellant herein, to the defendant, appellee herein.

The record now before us reveals in substance that the defendant filed his answer denying each and every material allegation in the plaintiff's complaint and for further answer alleged that the merchandise in question was damaged when received by the defendant, and the plaintiff had failed to comply with the terms of their contract.

It appears that the plaintiff filed its reply to the defendant's answer and by affirmative reply, alleged facts, which, if proved, constituted a defense to the alleged failure to comply with the terms of said contract.

The defendant, on the 7th day of August, 1961, filed a cross complaint asking that one Motor Cargo, Inc., and Snell Truck Lines be made party defendants, and also prayed that said cause be continued until the issues were completed. Thereupon, said cause was continued and set for trial on October 24, 1961.

It appears that both cross defendants, Motor Cargo, Inc., and Snell Truck Lines, and the plaintiff, Kaiser Aluminum, herein filed their respective demurrers to said cross complaints, and, thereafter, the trial court sustained said demurrers.

It further appears from the record that on the 20th day of October, 1961, the defendant, appellee herein, filed his counter-claim asking for judgment in the sum of Seven Hundred and Two ($702.00) Dollars, and, on

the same date, filed his motion for a continuance, pointing out to the court that the cause of action was not at issue and could not be ready for submission to the court for trial on the 24th day of October, 1961. A copy of the foregoing was mailed to the plaintiff-appellant.

Due to the result we have reached in this opinion, we think it is incumbent upon us to commend counsel for the appellee for pointing out to the trial court that by reason of their counter-claim the cause was not at issue.

The record further reveals that said motion for a continuance was considered by the trial court on the 24th day of October, 1961, the date set for trial; that the trial court overruled said motion, and, thereafter, delayed the trial for two hours and then proceeded to default the plaintiff-appellant, and ordered its complaint stricken from the file.

The trial court then heard evidence upon defendant's counter-claim and the plaintiff's default and entered a judgment for the defendant upon the counter-claim and against the plaintiff, appellant herein, in the sum of Seven Hundred and Two ($702.00) Dollars, together with his costs.

It also appears from the record that on the 14th day of November, 1961, the appellant-plaintiff filed his motion to set aside the judgment upon the usual statutory grounds. See §2-1068, Burns' 1946 Repl. The appellee-defendant filed a demurrer to the motion to set aside the judgment, and, after both sides had filed briefs in support of their contention, the trial court overruled the plaintiff-appellant's motion to set aside the judgment, and this appeal followed. One of the appellant's as-

signed error is: "The court erred in overruling appellant's motion to set aside the judgment herein".

It affirmatively appears from the record now before us that the trial court's procedural concept of the constitutional guarantees of due process of law left much to be desired. As conclusively shown by the foregoing record, the filing of the counter-claim and the motion for a continuance on the 20th day of October, 1961, left the plaintiff-appellant approximately three days in which to receive the mailed counter-claim and motion for a continuance and to prepare its answer to said counter-claim and to prepare its defense for same. We are of the opinion that this amount of time was wholly insufficient for the attorneys for the plaintiff-appellant to prepare adequately and file their answer for and on behalf of the plaintiff-appellant, and to prepare its defense to said counter-claim. We believe the denial of the motion for a continuance under such circumstances amounts, in substance, to a denial of due process of law as guaranteed by the constitution. We are apprised, of course, that it has been often said by our Supreme Court and this court that the prompt disposal of cases is to be commended and encouraged; however, under our constitutional guarantees, that end can never be accomplished by clipping, modifying or stripping fundamental rights from a party in any type of action. It is always the duty of a trial court and of this court to see that fundamental rights of due process are not improperly denied. We judicially know that the modern-day rush into the historically fatal avenues of so-called liberalism with its substitution of government of men in place of the tried and proven government of laws, has seemingly found its way into the courts, the one last remaining bulwark of individual freedom. The case at hand is but one of

many in our state and in the Federal courts which could be cited as substantiating the aforementioned trend.

The record now before us exemplifies a glaring example of judicial disregard and ignoring of the blood-grounded right of the appellant to due process of law. It is apparent on the face of this record, without more, that a gross injustice has been accomplished. We are unable to perceive from the record upon what ground, real or assumed, the court predicated its drastic and arbitrary action in striking appellant's complaint from the record. Under Clause Second of §2-901, Burns' 1946 Repl., the court may dismiss an action where the plaintiff fails to appear on trial. Under the foregoing facts, such contingency did not here exist. The motion for continuance was made before the issues were closed for submission on October 24, 1961. To say the least, it is apparent that the action taken by the trial court was rather high-handed, unjudicial and not consonant with the administration of impartial justice.

By reason of what we have heretofore stated, this cause is reversed, with instructions for the trial court to vacate the judgment in question and to reinstate the complaint of the appellant and dispose of this cause upon the merits.

Carson, Ryan, JJ., concur; Faulconer, P. J., concurs in results.

NOTE.—Reported in 199 N. E. 2d 719.