**CITY OF MITCHELL, Appellant–Defendant,**

v.

**Lawrence GRAVES, Appellee–Plaintiff.**

No. 47A01–9210–CV–325 [1].

Court of Appeals of Indiana,
First District.

April 12, 1993.

**1.** This case was transferred to this office on March 10, 1993 by order of the Chief Judge.

Gary J. Clendening, Mallor Clendening Grodner & Bohrer, Bloomington, for appellant-defendant.

John C. Ruckelshaus, M. Elizabeth Bemis, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

The City of Mitchell brings this interlocutory appeal challenging the trial court's decision to grant relief on Lawrence Grave's verified petition for judicial review of the procedures employed by the Board of Public Works and Safety of the City of Mitchell [Board] in holding a disciplinary hearing which resulted in Grave's dismissal from the Mitchell police force. The sole issue for review is whether the trial court erred in finding that the Board's decision to deny Grave's request for a continuance constituted a denial of due process. We affirm.

### FACTS

The facts relevant to this appeal do not appear to be disputed. In 1991, Graves was a member of the Mitchell Police Department. The Mayor of Mitchell, Jerry Hancock, a Democrat, served as the chairman of the Board and had appointed all the members of the Board. In the November 1991 municipal elections, Graves, a Republican, won a seat on the Mitchell City Council by defeating the Democrat candidate who had been publicly endorsed by Mayor Hancock. On November 29, 1991 (after the election), Mayor Hancock personally asked Graves to resign from the police department. Hancock gave no explanation for his request except to say that Graves had made some "wrong decisions." Graves refused to resign.

On December 4, 1991, Graves was given notice that a hearing before the Board would be held at 6:00 p.m. on December 12,

1991. The notice contained charges that Graves had committed five different violations that could result in his dismissal from the police force. The notice described with specificity the four alleged instances of misconduct upon which the charges were based. As required by Ind.Code 36–8–3–4, the notice advised Graves that he was entitled 1) to be represented by counsel; 2) to require the production of evidence; 3) to have subpoenas issued, served, and executed; and 4) to call and cross-examine witnesses.

Graves hired an Indianapolis attorney to represent him. By letter dated December 9, 1991, Graves' attorney advised Mayor Hancock of his appearance in the matter and requested a continuance to a later date due to the short notice provided and a schedule conflict. Graves' counsel's letter also requested that the Mayor forward the letter to the Board's attorney in order that counsel could discuss the reasons behind the request for a continuance and make arrangements for a new hearing date. Graves' attorney's letter was not received by Mayor Hancock until the afternoon of December 11, 1991. Graves' attorney received no response to his letter requesting the continuance.

On December 12, 1991, the hearing was held. Nineteen (19) witnesses had been subpoenaed by the Board to testify against Graves. Graves appeared and tendered a written request for a continuance in order that he could be represented by his attorney. Graves' written request also asked that Mayor Hancock recuse himself from the Board for the hearing because of his political and personal prejudice against Graves. After making his motions and upon the advice of counsel, Graves left the hearing.

The Board denied Grave's motion for a continuance and Mayor Hancock declined to recuse himself. The hearing proceeded and Graves was terminated from the police department.

On January 9, 1992, Graves filed the present "Verified Petition for Judicial Review" in the trial court. On August 17, 1992, the trial court held a hearing on the petition. As noted above, the parties were permitted to introduce evidence at this hearing but both parties declined and offered legal argument only. On September 2, 1992, the trial court entered an order finding:

1. That [Graves'] Motion for Continuance of the administrative hearing in this matter was timely filed.

2. That the denial of [Graves'] Motion for Continuance, under the circumstances, constituted a denial of due process which resulted in substantial prejudice.

3. That the Mayor's refusal to step down did not result in or constitute denial of a Fair and Impartial Hearing.

4. That this matter should be and is, hereby, remanded to the Board of Public Works for further proceedings in compliance with this order.

This interlocutory appeal ensued.

## DECISION

Mitchell concedes that Graves was entitled to some procedural due process protection before being dismissed from the police department. However, Mitchell asserts that Graves received all the process to which he was entitled because the Board complied with the notice requirements of I.C. 36–8–3–4. The Board contends that its decision to deny Grave's request for a continuance was a matter within its discretion and the trial court erroneously usurped the Board's appropriate exercise of its discretion in finding that the denial of Graves' request for a continuance constituted a denial of due process.

■ Graves' due process rights are defined, in part, by I.C. 36–8–3–4(c) as follows (pertinent part only):

Before a member of a police or fire department may be suspended in excess of five (5) days, demoted, or dismissed, the safety board shall offer the member an opportunity for a hearing, if demanded. Written notice shall be given either by service upon the member in person or by a copy left at the member's last and usual place of residence. The notice must state:

(1) the time and place of the hearing;

(2) the charges against the member;

(3) the specific conduct that comprises the charges;

(4) that the member is entitled to be represented by counsel;

(5) that the member is entitled to call and cross-examine witnesses;

(6) that the member is entitled to require the production of evidence; and

(7) that the member is entitled to have subpoenas issued, served, and executed in the county where the unit is located.

If the State imparts a due process right, then it must give that right. *Smith v. Stoner* (D.C.Ind.1984), 594 F.Supp. 1091.

■ While proceedings before administrative bodies are not required to be conducted with all the procedural safeguards afforded by judicial proceedings, there are standards below which a municipal board of public works cannot go. *City of Mishawaka v. Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65. In proceedings before administrative bodies, procedural safeguards should be at the highest level workable under the circumstances. *Id.*

■ The function of the trial court on the judicial review of administrative determinations is limited to a consideration of whether there was substantial evidence to support the finding or order of the administrative body and whether or not the action constitutes an abuse of discretion or is arbitrary and capricious as revealed by uncontradicted facts. *City of Indianapolis v. Ingram* (1978), 176 Ind.App. 645, 377 N.E.2d 877. The burden of proving an administrative action was an abuse of discretion or arbitrary and capricious falls upon the party attempting to upset the administrative order. *Clarkson v. Indiana Department of Insurance* (1981), Ind.App., 425 N.E.2d 203.

■ In determining whether constitutional requirements of due process have been met, courts should take cognizance of the practicalities and peculiarities of each particular case. *Bratton v. MGK, Inc.* (1992), Ind.App., 587 N.E.2d 134. It is al-ways the duty of trial courts and reviewing courts to see that fundamental rights of due process are not improperly denied in any type of action. *Kaiser Aluminum & Chemical Sales, Inc. v. Dickerhoff* (1964), 136 Ind.App. 258, 199 N.E.2d 719.

■ If State action is involved and there is a Fourteenth Amendment property interest at stake, the opportunity to be heard must be granted at a meaningful time and in a meaningful manner. *Podgor v. Indiana University* (1978), 178 Ind.App. 245, 381 N.E.2d 1274. Due process requires that the notice provided give a defendant an opportunity to make a defense. *Smith v. Indiana State Board of Health* (1973), 158 Ind.App. 445, 303 N.E.2d 50, cert. denied, 419 U.S. 836, 95 S.Ct. 63, 42 L.Ed.2d 62. Due process is violated when the notice provided does not give an attorney an adequate time to prepare a defense and test the validity of the charges involved. *Id.; Kaiser*, 199 N.E.2d 719. Thus, the denial of a motion for a continuance can constitute a denial of due process. *Id.*

■ In the present case, the Board had levied five (5) charges against Graves based on four (4) separate incidents of alleged misconduct. Nineteen (19) witnesses had been subpoenaed to testify against Graves. The December 4 notice of the December 12 hearing provided Graves eight (8) days in which to obtain an attorney and prepare a defense.

As noted above, our legislature provided Graves, among other protections, an entitlement 1) to a pre-dismissal hearing, 2) to be represented by counsel, 3) to require the production of evidence, and 4) to have subpoenas issued, served, and executed. It is preposterous to have expected Graves to have availed himself of these protections within the eight (8) day period provided by the December 3 notice. Under the circumstances, the eight (8) day period provided Graves and his attorney was an entirely insufficient amount of time in which to prepare a defense. Therefore, the decision of the Board to deny Grave's motion for a

continuance constituted a denial of due process. Therefore, we affirm.

Judgment affirmed.

BAKER and CONOVER, JJ., concur.