# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**PATRICIA M. MULVIHILL**
City of Bloomington
Bloomington, Indiana

ATTORNEY FOR APPELLEE:

**EDWARD F. MCCREA**
McCrea & McCrea
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CITY OF BLOOMINGTON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 53A01-1212-OV-577 |
| | ) | |
| CHERYL UNDERWOOD, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MONROE CIRCUIT COURT
The Honorable Elizabeth A. Cure, Judge
Cause No. 53C04-1105-OV-832

**August 20, 2013**

**OPINION – FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

The City of Bloomington ("the City") appeals the trial court's grant of summary judgment to Cheryl Underwood on the City's ordinance violation complaint. We affirm.

**Issues**

The City raises three issues, which we consolidate and restate as:

    I.      whether the trial court properly granted summary judgment to Underwood on the City's complaint that she violated Title 20 of the Bloomington Municipal Code ("BMC"); and

    II.     whether the trial court properly granted summary judgment to Underwood on the City's complaint that she violated Title 16 of the BMC.

**Facts**

Underwood owns rental property on East 8th Street in Bloomington. The property contained two efficiency units, a one-bedroom unit, and two three-bedroom units. In 2006, the City's Planning Commission sought to repeal and replace Title 20 of the BMC, which concerned zoning. The Planning Commission published notice of the proposed change in a Bloomington newspaper. The Planning Commission also held several public meetings on the proposed changes. On December 20, 2006, the City repealed and replaced Title 20 of the BMC. The changes were effective on February 12, 2007.

Prior to the enactment of the new zoning ordinance, Underwood's property was zoned Multi-dwelling Residential (RM7). After the enactment, the property and approximately twenty other nearby properties were changed to an Institutional zoning

2

classification. Other than the notice by publication, the Planning Commission did not specifically notify Underwood or the other property owners affected by the change.

A multi-family dwelling is not a permitted use or conditional use within an Institutional zoning district. Because the property contained a "lawful multifamily dwelling prior to" the enactment of the ordinance, the property "was considered a lawful nonconforming use." Appellant's App. p. 29. However, Section 20.08.050 of the BMC does not allow a lawful nonconforming use to be "intensified, expanded, enlarged, extended or relocated . . . , nor may any structure containing or associated with such use be expanded, enlarged, extended, relocated, or altered so as to create additional bedrooms or other habitable space." Id. at 277.

Title 16 of the BMC required that all residential rental units be issued an occupancy permit prior to the unit being occupied by anyone other than the owner or the owner's legal dependants. In January 2010, Underwood's property was granted a valid three-year occupancy permit. At some point in 2010, Underwood remodeled the three-bedroom units. According to the City, she reconfigured the space to make two five-bedroom units rather than two three-bedroom units. During the summary judgment proceedings and on appeal, Underwood disputes the assertion that she added two bedrooms to each unit.

After remodeling, Underwood did not obtain a new occupancy permit. In August 2010, Underwood applied for a building permit from the Monroe County Building Department ("Building Department"). The Building Department informed her that "they had no problem with [her] application" but the Planning Commission refused to agree to

3

the changes because of the property's Institutional zoning classification and provided Underwood with written notice in September 2010. Appellee's App. pp. 15-16. That letter was Underwood's first actual notification of the zoning change. Underwood believed that her property was being misidentified as Institutional. In November 2010, Underwood petitioned the Planning Commission to rezone the property from Institutional to RM7.

In May 2011, the City filed a complaint against Underwood for an alleged violation of Titles 20 and 16 of the BMC. In January 2012, the City filed a motion for summary judgment. The City argued that: (1) Underwood violated Title 20 by unlawfully altering a lawful nonconforming use when she remodeled the units to contain five bedrooms each instead of three bedrooms; and (2) Underwood violated Title 16 by allowing tenants to live at the property without first obtaining a valid occupancy permit.

Underwood filed a response to the City's motion for summary judgment. Underwood argued that the notice of the change to her property's zoning classification was improper. According to Underwood, the City was required under Indiana Code Section 36-7-4-604(c) to give her individual notice of the zoning change, but the City failed to do so. Underwood also argued that she did not create two additional bedrooms in each of the units and that there was a genuine issue of fact as to whether the units have three or five bedrooms. Underwood argued that she had a valid occupancy permit for five occupants in each of the units and that she had not exceeded the occupancy allowed by the permit. Underwood also argued that the Planning Commission was selectively enforcing the ordinances and that she had been improperly targeted for enforcement.

4

The City then filed a reply brief. The City argued that individual notice of the zoning change was not required by the statute or due process, that Underwood was not treated differently than other property owners, that Underwood's property was a lawful nonconforming use prior to the remodeling, that no genuine issues of material fact existed as to the number of bedrooms in the units, and that her occupancy permit was invalid after the remodeling.

After a hearing, the trial court "dismissed" the action because Underwood "was not given any notice under [Indiana Code Section 36-7-4-]604(c)." Id. at 6. The parties sought clarification of the order, and after a hearing in October 2012, the trial court issued the following:

3.   The Court now finds that its order dated August 30, 2012, dismissing the case should have been an Order granting Summary Judgment in favor of the Defendant on Count I and Count II of the Plaintiff's Complaint.

4.   The Court hereby modifies its August 30, 2012 Order dismissing the case to an Order granting Summary Judgment in favor of the Defendant on Counts I and II of the Plaintiff's Complaint because the Court finds that the Plan Commission rezoned the property of the Defendant in violation of the requirements of Ind. Code § 36-7-4-604(c) and the rezoning is, therefore, invalid.

The Fourteenth Amendment to the United States Constitution by its Due Process Clause requires notice and an opportunity to be heard before property rights can be taken away by state action, and the Indiana Constitution in Article I § 12 incorporates this fundamental right. While the Indiana Court of Appeals have held that rezoning is legislative in nature and, therefore, due process rights are not implicated, the Indiana legislature through the Indiana Code recognized this fundamental right when it wrote the requirements for rezoning by a city or other municipality.

5

Section 36-7-4-604 <u>et seq</u> of the Indiana Code reads in essence (and with emphasis added) that before rezoning takes place (a) the plan commission **must** hold a hearing, (b) the plan commission **shall** give notice of this hearing by publication, and (c) the plan commission **shall also** provide for due process notice to interested parties. Everything else in this section of the code has to do with form and specific content. No matter what else, the law requires three actions on the part of the plan commission, not two.

The City argues that because section (c) gives the plan commission some leeway as to how it will fulfill the three requirements, the City can choose to use the action required by section (b) to serve for section (c) as well. But the plan commission would have done only two of the required three actions. And this third action is the one that assures the property owners the safe guards of their due process rights. The City would have this Court read the permissiveness of the way in which notice is effected in section (c) in such a way as to dispense with the third requirement altogether. But the statute reads: "shall also" not "may if it wants to" nor "should do if it's not too much trouble." The rules of statutory construction require the Court not only to give words their ordinary meaning but also to give every word effect, and "no part of the statute is to be construed so as to be meaningless if it can be reconciled with the rest of the statute." <u>See</u> <u>Gray v. D & G, Inc.</u>, 938 N.E.2d 256, 259 (Ind. Ct. App. 2010). In other words, this Court must construe the words of a statute in such a way as to give each and every section of the statute meaning if at all possible. The City's interpretation of Ind. Code § 36-7-4-604(c) writes this requirement out of the statute and interprets "shall also" to mean "may." This Court does not agree with this interpretation and its consequences.

Because rezoning is invalid the Court issues summary judgment in favor of the Defendant on both Counts I and II of the Plaintiff's Complaint.

6

Id. at 9-10. In October 2012, the City Council passed an ordinance that restored Underwood's property and five other properties back to the RM7 zoning classification. Despite the subsequent rezoning, the City now appeals.

**Analysis**

The City argues that the trial court erred by granting summary judgment to Underwood on its claims. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56. We liberally construe all designated evidentiary material in a light most favorable to the non-moving party to determine whether there is a genuine issue of material fact. Bradshaw v. Chandler, 916 N.E.2d 163, 166 (Ind. 2009). The party that lost in the trial court has the burden of persuading the appellate court that the trial court erred. Id. Our review of a summary judgment motion is limited to those materials designated to the trial court. Mangold v. Ind. Dep't of Natural Res., 756 N.E.2d 970, 973 (Ind. 2001).

Where a trial court enters findings of fact and conclusions thereon in granting a motion for summary judgment, as the trial court did in this case, the entry of specific findings and conclusions does not alter the nature of our review. Rice v. Strunk, 670 N.E.2d 1280, 1283 (Ind. 1996). In the summary judgment context, we are not bound by the trial court's specific findings of fact and conclusions thereon. Id. They merely aid our review by providing us with a statement of reasons for the trial court's actions. Id.

We first note that, in a footnote, Underwood very briefly argues the subsequent rezoning of her property back to the RM7 classification "could render the issues raised in

this appeal moot." Appellee's Br. p. 3 n.1. The City does not address this argument or even acknowledge that the property's original zoning has been restored. Without more, we cannot determine whether the issue regarding Title 20 is moot, and we will address the City's arguments regarding Title 20. Moreover, the Title 16 issue does not appear to be affected by the rezoning.

### *I. Title 20 Violation*

The City's motion for summary judgment claimed that Underwood violated Title 20 by unlawfully altering a lawful nonconforming use when she allegedly remodeled the units to contain five bedrooms each instead of three bedrooms. Underwood responded, in part, by arguing that she did not receive notice of the City's change of her property's zoning classification and status as a lawful nonconforming use. The trial court agreed with Underwood, concluding that the rezoning was invalid because the City failed to comply with Indiana Code Section 36-7-4-604(c).[1]

"Indiana Code sections 36-7-4-602 et seq. govern the amendment of a zoning ordinance and zoning map." Scalambrino v. Town of Michiana Shores, 904 N.E.2d 673, 681 (Ind. Ct. App. 2009). A plan commission must take several steps prior to enacting such amendments, including providing notice of and holding a public hearing and certifying the proposal to the legislative body. See Ind. Code §§ 36-7-4-604, 36-7-4-605. Indiana Code Section 36-7-4-604(b) requires the plan commission to give notice of a public hearing on proposed amendments to the zoning ordinance by publishing notice one

---

[1] The parties do not discuss the timeliness of Underwood's challenge to the rezoning.

8

time, at least ten days before the date of the hearing.  Further, Indiana Code Section 36-7-4-604(c) requires:

> The plan commission shall also provide for due notice to interested parties at least ten (10) days before the date set for the hearing. The commission shall by rule determine who are interested parties, how notice is to be given to interested parties, and who is required to give that notice.

The notice under Indiana Code Section 36-7-4-604(c) is at issue here.  According to Underwood, she was an interested party and was entitled to "due notice" of the zoning change.  The City argues that it provided notice by publication, which was within its discretion and proper under Indiana Code Section 36-7-4-604(c).

This argument requires that we interpret Indiana Code Section 36-7-4-604.  "The first step in interpreting a statute is to determine whether the Legislature has spoken clearly and unambiguously on the point in question."  City of Carmel v. Steele, 865 N.E.2d 612, 618 (Ind. 2007).  When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense.  Id.  Clear and unambiguous statutes leave no room for judicial construction.  Id.  However, when a statute is susceptible to more than one interpretation it is deemed ambiguous and, thus, open to judicial construction.  Id.  When faced with an ambiguous statute, we apply other well-established rules of statutory construction.  Id.  One such rule is that our primary goal of statutory construction is to determine, give effect to, and implement the intent of the Legislature.  Id.  To effectuate legislative intent, we read the sections of an act together in order that no part is rendered meaningless if it can be harmonized with the remainder of the statute.  Id.  We also

9

examine the statute as a whole. Id. Further, we do not presume that the Legislature intended language used in a statute to be applied illogically or to bring about an unjust or absurd result. Id.

Several other zoning statutes contain similar language regarding due notice to interested parties. See I.C. §§ 36-7-4-706, 36-7-4-920. However, Indiana courts have not interpreted this specific language. Indiana Code Section 36-7-4-604(b) clearly requires the planning commission to give notice by publication of the amendments to the zoning ordinance, which the City did. Indiana Code Section 36-7-4-604(c) also clearly requires "due notice to interested parties at least ten (10) days before the date set for the hearing." We recognize that the planning commission is given significant leeway in defining "interested parties" and "due notice." I.C. § 36-7-4-604(c). The City does not dispute that Underwood was an "interested party." Rather, the City claims that the notice by publication was sufficient to satisfy the "due notice" requirement.

Despite the significant leeway given to the City in determining the boundaries of "due notice," we conclude that, in this case, "due notice" required more than the notice by publication given pursuant to section 604(b). We must examine the statute as a whole. If we adopt the City's interpretation, we would be eliminating section 604(c) in all circumstances. Although there may be circumstances where notice by publication to interested parties would be sufficient, the City makes no argument here that providing some additional notice to those properties where the zoning classification was changing would have been onerous. In fact, the City made no effort at all to notice the properties affected by the zoning change, other than the notice by publication. It is clear that the

10

City knew, or could have known and identified, with a reasonable effort, the properties in question. If the City is not required to provide additional notice in the case of such a significant zoning classification change, we cannot imagine a circumstance where it would be required to provide additional notice under Indiana Code Section 36-7-4-604(c).

"Rezoning is a legislative process." Rush v. Elkhart Cnty. Plan Comm'n, 698 N.E.2d 1211, 1218 (Ind. Ct. App. 1998) (citing Hills v. Area Plan Comm'n of Vermillion County, 416 N.E.2d 456, 461 (Ind. Ct. App. 1981)), trans. denied. "The General Assembly has provided detailed procedures to provide due process to interested persons." Id. "If the State imparts a due process right, then it must give that right." Id. (citing City of Mitchell v. Graves, 612 N.E.2d 149, 152 (Ind. Ct. App. 1993)). The legislature requires the City to provide "due notice" to "interested" persons. The City does not dispute that Underwood was an interested person, and we conclude that the City failed to give her "due notice" when it adopted the new zoning ordinance and changed the zoning of her property.[2] See, e.g., Scalambrino, 904 N.E.2d at 681 (noting that the plan commission provide notice by publication and also mailed letters to the adjacent property owners); Bd. of Zoning Appeals, Bloomington, Ind. v. Leisz, 702 N.E.2d 1026, 1027 (Ind. 1998) (noting that the city published notice of an ordinance change and also mailed notice to all owners of rental property registered under a separate housing ordinance).

---

[2] The City also argues that Underwood was aware of the zoning amendment as evidenced by her October 2006 letter to the planning director regarding the zoning amendment. However, that letter concerned another piece of property, not the property at issue here. Underwood designated evidence that she was unaware of the proposed change in zoning on the property at issue here.

11

The City also argues that Indiana Code Section 36-7-4-604(e) applies here. That statute provides: "A zoning ordinance may not be held invalid on the ground that the plan commission failed to comply with the requirements of this section, if the notice and hearing substantially complied with this section." I.C. § 36-7-4-604(e). The City argues that it substantially complied with the statute by providing notice by publication. In support of their argument, the City relies on Scalambrino, 904 N.E.2d at 681. There, we held that the plan commission's public notice and notice to interested parties, which was sent five days late, substantially complied with the notice statute. Scalambrino is distinguishable because, in that case, the interested parties were given notice, albeit late notice. Here, the interested parties were not given any notice whatsoever other than the notice by publication. We conclude that the City did not substantially comply with the notice provisions. Because the notice of the zoning amendment was not proper, we conclude that the trial court did not err by granting summary judgment to Underwood.

## II. *Title 16*

The City also argues that the trial court erred by granting summary judgment to Underwood on the BMC Title 16 violation claim. This issue is separate from the Title 20 zoning issue. The City argues that Underwood violated Title 16 by allowing tenants to live at the property without first obtaining a valid occupancy permit. According to the City, Underwood's occupancy permit was for three bedrooms in the two units at issue, and Underwood "nullified" the occupancy permit by remodeling to allegedly add additional bedrooms. Appellant's Reply Br. p. 8.

In January 2010, Underwood was granted an occupancy permit, and that permit was not set to expire until January 2013. The occupancy permit was for two efficiency units, one unit with one bedroom, and two units with three bedrooms. The "occupancy load" was one person for each of the efficiencies, two people for the one bedroom unit, and five people for each of the three bedroom units, for a total of fourteen tenants. Appellant's App. p. 359. Underwood argues that her occupancy permit was never revoked and that, even after the three bedroom units were remodeled in 2010, she never exceeded fourteen tenants. Underwood also argues that Title 16 does not contain any requirement that she get a new occupancy permit to replace the existing permit after the units were remodeled.

BMC 16.04.080 requires all rental units to have a "current occupancy permit." Id. at 354. Although the City argues that Underwood's valid occupancy permit was "nullified" when she remodeled the units, the City cites no relevant authority for the proposition that a valid occupancy permit is "nullified" or revoked by remodeling. The City also argues that Underwood was required to have the property reinspected for compliance with Title 16 after it was remodeled and that, because the property was not inspected after the remodel, Underwood did not possess a valid occupancy permit. However, again, the City cites no relevant authority for the proposition that Underwood was required to have the property reinspected after the remodel for compliance with Title 16.

The City had the burden of demonstrating that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. "It is well settled

13

that we will not consider an appellant's assertion on appeal when he has failed to present cogent argument supported by authority and references to the record as required by the rules." Shepherd v. Truex, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004). "If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties." Id. "This, clearly, we cannot do." Id. Based on the City's limited argument, we are unable to determine that the trial court's decision is erroneous. The City has failed to meet its burden on appeal of proving that the trial court erred by granting summary judgment to Underwood on this issue.

## Conclusion

The trial court properly granted summary judgment to Underwood on the City's Title 20 violation claim. Further, the City has failed to demonstrate that the trial court erred by granting summary judgment to Underwood on the City's Title 16 violation claim. We affirm.

Affirmed.

CRONE, J., and PYLE, J., concur.